**Frank T. WILSON, Appellant,**

v.

**Mrs. Charles SCRUGGS et al., Appellees.**

**No. 11105.**

Court of Civil Appeals of Texas.

Austin.

May 29, 1963.

Rehearing Denied June 26, 1963.

Elbert R. Jandt, Seguin, for appellant.

Clinton G. Brown, San Antonio, for appellees.

PHILLIPS, Justice.

This is an appeal brought by Frank T. Wilson, from a temporary injunction issued by the Trial Court restraining him from acting as a director and officer of the Comal Broadcasting Company, and further an appeal from the dissolution of a temporary injunction hereinafter described.

At the time the litigation now before this Court was instituted and at the present time, the stock of the Comal Broadcasting Company was owned as follows: Mrs.

Charles Scruggs, 40 shares; Claude W. Scruggs, 20 shares; Frank T. Wilson, 20 shares; and A. W. Stewart, 20 shares. The Scruggs family, appellees herein, are the majority stockholders with a total of 60 shares.

Appellant Wilson was president and a director of the Comal Broadcasting Company and A. W. Stewart was secretary and director of the Company when the appellees became dissatisfied with the way the Company was being operated. The appellees called a stockholders meeting for December 17, 1962. Appellant and Stewart contended that the meeting had been improperly called and refused to attend. Appellees, being the majority stockholders, held the meeting in the absence of appellant and Stewart and elected themselves, one Sherry Hill and one Norma Jo Hill as directors. On this same day these new directors held a directors' meeting and elected Claude Scruggs, President, Mrs. Charles Scruggs, Vice-President, and Norma Jo Hill, Secretary-Treasurer.

After the abovementioned meeting was held, appellant obtained a temporary restraining order restraining the directors and officers elected at the December 17th meeting from acting as directors and officers of the Company. This temporary restraining order was replaced by a temporary injunction that was dissolved by the Trial Court in the judgment now before this Court. Appellant, in this appeal, contends that this injunction should be reinstated.

On January 11, 1963, another stockholders' meeting was held pursuant to a notice sent all the stockholders by Mr. Stewart, the secretary. All of the stockholders attended this meeting. Appellant acted as chairman and Stewart acted as secretary.

Appellant contends that at this meeting he, Stewart, Sherry Hill and Norma Jo Hill were elected directors. Appellees contend that they (Mrs. Charles Scruggs and Claude W. Scruggs), Sherry Hill and Norma Jo Hill are the directors. This is the question to be decided by this Court.

Appellant and the directors he urges as valid did not hold a directors' meeting, however, appellees and their claimed directors did hold a meeting and elected Claude W. Scruggs, President, Mrs. Charles Scruggs, Vice-President and Mrs. Sherry Hill, Secretary-Treasurer.

Subsequent to the stockholders' meeting of January 11, appellees obtained a temporary restraining order against appellant restraining him from acting as an officer and director of the company. This temporary order was carried forward as a temporary injunction, and it is from this injunction that appellant also appeals.

There is no dispute in that the stockholders' meeting held January 11 was valid. Consequently, for the purpose of this appeal, we do not pass on the validity of the prior meeting held in December.

Appellant urges his election as director on the theory that he and Stewart cumulated their votes. By this he means, since the bylaws of the company allowed one vote per share of stock, he and Stewart, in addition to their one vote per share could have another vote per share for each officer of the corporation they were entitled to vote for but did not. In other words, in addition to the vote per share which they used in voting for themselves, they also had a vote per share for each of two directors. Under the theory of cumulating votes, by failing to vote for either of the two directors, they could apply these additional votes to themselves. By this method appellant and Stewart had 80 votes each while the appellees had only 60 votes each under the one vote per share rule.

In his findings of fact and conclusions of law, the Trial Court found that the articles of incorporation of the company were silent as to cumulative voting. The Trial Court also concluded that the Comal Broadcasting Company became subject to the provisions of the Business Corporation Act, Septem-

ber 6, 1960, Art. 9.14, subd. E, Vernon's Civil Statutes.

An amendment to the Business Corporation Act passed in 1957, now designated as Art. 2.29, subd. D(2), V.C.S. and applicable to corporations becoming subject to the Act subsequent to the date of this amendment, forbids cumulative voting unless specifically authorized by the articles of incorporation and that in voting for directors a shareholder votes the number of shares held. Prior to this amendment the law allowed votes to be cumulated unless expressly prohibited by the articles of incorporation.

Thus the Trial Court correctly held that inasmuch as appellant and Stewart were forbidden by law to cumulate their votes, appellees prevailed in the election of directors held January 11, 1963, and that the officers elected by these directors are the legal officers of the Comal Broadcasting Company.

The judgment of the Trial Court dissolving the injunction sought by appellant after the December meeting and granting the injunction appealed from is affirmed.

Affirmed.